NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MICHAEL MCCARRON,<br><br>Defendant-Appellant,<br><br>and<br><br>SOUTHWEST CARPENTERS TRAINING FUND; DECARLO & SHANLEY, P.C.,<br><br>Third-party-defendants. | No.    15-55879<br><br>D.C. No.<br>2:14-cv-02762-JVS-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 23, 2018**

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael McCarron appeals pro se from the district court's interlocutory order granting summary judgment in favor of Southwest Regional Council of Carpenters ("SWRCC"), an affiliate of the United Brotherhood of Carpenters and Joiners of America, on SWRCC's claim and McCarron's counterclaims under the Labor Management Reporting and Disclosure Act ("LMRDA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901, 907 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on SWRCC's claim of breach of fiduciary duty under LMRDA § 501(a) because McCarron violated the SWRCC's bylaws, and thus breached his fiduciary duties as a union officer as a matter of law, by making payments to the Southwest Carpenters Training Fund ("SWTF") without first referring the SWTF's rental overpayment bills to the SWRCC trustees for review. *See Servs. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1046 (9th Cir. 2013); *Kerr v. Shanks*, 466 F.2d 1271, 1276 n.3 (9th Cir. 1972). McCarron did not establish any affirmative defense based on the SWRCC council executive committee's approval of the payments he made to SWTF because there is no good faith defense to a claim under LMRDA § 501(a), *see Servs. Emps. Int'l Union*, 718 F.3d at 1046-47 (holding that belief that violations of union constitution were justified did not absolve union officers of liability), and the defense of authorization does not apply

when an authorization is in conflict with a union's constitution or bylaws, *see id*. at 1049. The district court properly found McCarron liable for damages to SWRCC because, despite indications to the contrary, he conclusively admitted that the lease amounts charged by SWRCC to SWTF were at market rate. *See* Fed. R. Civ. P. 36(b) (providing that a matter admitted "is conclusively established"); *Gallegos v. City of L.A.*, 308 F.3d 987, 993 (9th Cir. 2002).

The district court properly granted summary judgment on McCarron's counterclaims for retaliation and violation of his free speech rights under LMRDA § 101(a)(2) because he made no showing that the SWRCC took action against him after he expressed his opposition to union policies. *See United Steel Workers Local 12-369 v. United Steel Workers Int'l*, 728 F.3d 1107, 1118 (9th Cir. 2013) (setting forth elements of claim).

McCarron's requests for judicial notice, Docket Entry Nos. 13 and 22, are granted.

**AFFIRMED.**